**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

BYRON D. BRITTON                                                                                    PETITIONER
Reg. #27410-045

v.                                                            2:19-cv-00123-LPR-JJV

DEWAYNE HENDRIX,
Warden, FCI – Forrest City Low                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Petitioner Byron D. Britton, an inmate at the Forrest City Low Federal Correctional Institution, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Doc. No. 1.) Pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990), he seeks a *nunc pro tunc* designation making the Missouri Department of Corrections a place of federal confinement, thereby allowing him to serve his federal sentence concurrently with a previously imposed state sentence. (Doc. No. 1 at 7.) Mr. Britton also contends his federal charge should have been dismissed for a violation of the anti-shuttling provision of the Interstate Agreement on Detainers Act. (*Id*. at 8.) After careful consideration of Mr. Britton's Petition and the Response (Doc. No. 5), I recommend the Petition be dismissed with prejudice.

### II.   FACTS

In August 2014, while on parole in the State of Missouri, Mr. Britton was arrested by Missouri authorities for violating the terms of his parole. (Doc. No. 5-1 at 1-2, 8-9.) The same conduct led to a federal indictment in the Western District of Missouri on September 18, 2014, for being a felon in possession of firearms. (*Id*. at 16.) On October 14, 2014, the State of Missouri revoked Mr. Britton's parole, and he was returned to the Missouri Department of Corrections to complete his sentence. (*Id*. at 19-22.)

On January 23, 2015, Mr. Britton appeared in the Western District of Missouri by way of a writ of habeas corpus *ad prosequendum*. (*Id*. at 26-27.) Because he desired to be "returned to state custody until trial of his federal case," he waived any claim under the Interstate Agreement on Detainers Act "to move for a dismissal on the grounds that he has been returned to the original place of imprisonment prior to the disposition of the Indictment." (*Id*. at 32.) Accordingly, following his arraignment on January 30, 2015, he was returned from the custody of the United States Marshal to the custody of the Missouri Department of Corrections on February 2, 2015. (*Id*. at 29, 34.)

On June 16, 2015, Mr. Britton was again transferred to federal custody via a writ to resolve the federal charge. (*Id*. at 2, 29.) He pleaded guilty to the single count of the indictment on July 10, 2015, and was sentenced to a term of forty-six months in the Bureau of Prisons on December 17, 2015. (*Id*. at 36-37.) The judgment was silent as to whether the sentence was to run consecutively to or concurrently with his Missouri sentence. (*Id*.) On April 13, 2018, Mr. Britton was re-paroled from the Missouri Department of Corrections and transferred to federal custody to begin serving his federal sentence. (*Id*. at 3, 42.)

### III. ANALYSIS

#### A. *Nunc Pro Tunc* Designation

Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons ("BOP") shall "designate the place of the prisoner's imprisonment" when a federal court imposes a prison sentence. The Bureau has the specific authority to designate "any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise." *Id*. Moreover, pursuant to 18 U.S.C. § 3585(a), a federal sentence commences when the defendant is received in custody at "the official detention facility at which

3

the sentence is to be served." Thus, "when a federal defendant is already serving a state sentence, BOP has the practical power to 'make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence.'" *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) (quoting *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000)).  Mr. Britton seeks to take advantage of this procedure, asking the BOP [1] for a retroactive designation of the Missouri Department of Corrections as a place of federal confinement so that he would get credit against his federal sentence for the time he served there on the parole revocation.[2]

The BOP's Program Statement 5160.05, "Designation of State Institution for Service of Federal Sentence," guides the exercise of its discretion in this area.  *See Fegans*, 506 F.3d at 1104; https://www.bop.gov/policy/progstat/5160_005.pdf.  Consistent with *Barden v. Keohane*, *supra*, paragraph 8 of the Program Statement allows for a designation for concurrent service "only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system."  The factors to be considered, listed in paragraph 8(a), include inmate disciplinary history, institutional adjustment, recommendations of the wardens at the state and federal institutions, the recommendation of the prosecuting Assistant U.S. Attorney, and the intent of the

---

[1] The record does not contain the BOP's final response to Mr. Britton's request.  According to Mr. Britton, he did not receive one.  (Doc. No. 1 at 5.)  In accordance with 28 C.F.R. § 542.18, the absence of a response within the allotted time constitutes a denial.

[2] As the United States Court of Appeals for the Eighth Circuit explained in *Fegans*, this issue commonly arises when the federal sentence is imposed *before* the state sentence, causing the federal sentencing court's silence on the issue of concurrency.  506 F.3d at 1103-04.  Because a federal sentencing court is limited in its ability to revise a sentence after its imposition – "which is when the power could be more prudently exercised because the anticipated state court sentence has been imposed" – the BOP has acted to "fill this void."  *Id*. at 1104.  Mr. Britton's federal sentence was imposed *after* his parole revocation in state court, but the federal sentencing court's judgment was nonetheless silent as to whether the sentence was to run concurrently or consecutively to his Missouri sentence.  (Doc. No. 5-1 at 36-40.)

federal sentencing court.   Mr. Britton contends he should receive a designation because he has no disciplinary history, his institutional adjustment has been good, he has family support and employment history, his mother's health is deteriorating and she needs his support, he poses no threat to the safety of the community, he was convicted of a non-violent offense, and the predicate offense for the felon-in-possession charge dates back to when he was a juvenile.   (Doc. No. 1 at 9.)

However, two threshold provisions in Program Statement 5160.05 make Mr. Britton ineligible for a *nunc pro tunc* designation.   First, paragraph 7(e) states "No concurrent designation will be considered when statutory language mandates consecutive service or the U.S. Sentencing Guidelines require consecutive service."   As contemplated in paragraph 7(b), statutory language mandates consecutive service of Mr. Britton's sentences.   Specifically, in accordance with 18 U.S.C. § 3584(a), when there is a previously imposed sentence in existence at the time a federal sentence is imposed, the sentences are to "run consecutively unless the court orders that the terms are to run concurrently."   Second, paragraph 9(b)(4)(f) states the BOP "will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation)."   Mr. Britton filed three motions to amend his sentence after it was imposed by the Western District of Missouri, requesting that it be ordered to run concurrently with his state sentence.   (Doc. No. 5-1 at 48.)   The sentencing court denied all three motions on May 9, 2016, finding its judgment "adequately state[d] the term of imprisonment" and "the federal sentence [was] to be served consecutively to the state sentence."   (*Id*. at 48-49.)   Thus, the federal

sentencing court has already made a determination regarding the order of service of Mr. Britton's sentences.   For these reasons, Mr. Britton is not eligible for a concurrent designation.

### B. Interstate Agreement on Detainers Act

The "anti-shuttling" provision of the Interstate Agreement on Detainers Act ("IADA") states that when a prisoner against whom a detainer has been lodged is made available to another jurisdiction for proceedings on an untried indictment, he may not be sent back to the original place of imprisonment until the case is concluded:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C. App. 2 § 2, art. IV(e).   Mr. Britton contends this provision was violated when he was returned to the Missouri Department of Corrections after appearing in the Western District of Missouri via a writ of habeas corpus *ad prosequendum* but before his federal charge was resolved. (Doc. No. 1 at 8.)   Consequently, he argues, the federal indictment should have been dismissed. (*Id.*)

It is unclear whether the IADA applies at all in this case, as it is not clear from the record whether a detainer existed at the relevant time.   "The federal government's use of a writ of habeas corpus ad prosequendum to obtain custody of a state prisoner does not invoke the IADA."   *Baxter v. United States*, 966 F.2d 387, 389 (8th Cir. 1992) (per curiam) (citing *United States v. Mauro*, 436 U.S. 340, 349 (1978)).   Furthermore, because Mr. Britton is attacking the validity of his conviction and sentence, this is a claim for the sentencing court.   *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005) (an inmate contesting the lawfulness of his federal conviction and sentence must generally bring a motion in the sentencing

6

court to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255).   Because the sentencing court has already denied Mr. Britton relief (Doc. Nos. 5-2, 5-3), it is Mr. Britton's burden to show the remedy under § 2255 would be "inadequate or ineffective."   *Abdullah*, 392 F.3d at 959.

Even assuming Mr. Britton could overcome these barriers, he is not entitled to relief.   He waived any right to dismissal under the IADA when he requested to be returned to state custody. (Doc. No. 5-1 at 32).   He explicitly waived "any claim under the Interstate Agreement on Detainers § 2, Article III(d) to move for a dismissal on the grounds that he has been returned to the original place of imprisonment prior to the disposition of the Indictment."   (*Id*.)   In addition, Mr. Britton waived his right to a dismissal under the IADA when he pleaded guilty.   *Baxter*, 966 F.2d at 389 ("By pleading guilty, [defendant] waived his right to assert IADA violations.").

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Britton's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

DATED this 3rd day of February 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE